**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CORNELL MARTIN**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 1:08cv324-HSO-JMR**

**SHERIFF DAVID ALLISON**   **DEFENDANT**

_____

**REPORT AND RECOMMENDATION:**

    This matters comes before the Court pursuant to a Motion [26-1] to Dismiss filed on behalf of Defendant, Sheriff David Allison, due to the failure of Plaintiff, Cornell Martin, to advise the Court of a change of address. After carefully considering the record of the proceedings, along with the applicable law, the Court finds that the Defendant's Motion [26-1] to Dismiss is well taken and should be granted.

    Plaintiff filed this *pro se* § 1983 action on July 24, 2008. On August 4, 2008, the Court entered an Order [3-1] advising Plaintiff of his duty to timely inform the Court of any change in his mailing address. On January 26, 2009, Plaintiff appeared before the Court for an Omnibus Hearing in this matter, at which time Plaintiff informed the Court that he had retained counsel. On the same day, a Stay was entered for thirty days to allow Plaintiff's counsel to make an appearance in this cause. On March 17, 2009, some fifty days after entry of the Stay Order, the Court had received no further notice from Plaintiff or Plaintiff's Counsel, and lifted the Stay via "Text Order Only." This Court granted a Motion [16-1] to Compel by the Defendant on May 15, 2009. (*See* Order [20-1].) On June 8, 2009, this Court's Order [20-1] granting Defendant's Motion to Compel was returned as undeliverable. (*See* Returned [23-1] Mail.) Therefore, on June 22, 2009, this Court entered an

Order [24-1] to Show Cause, requiring Plaintiff to inform this Court as to why this case should not be dismissed for failure to update his address. On July 16, 2009, the envelope containing this Court's Order [24-1] was returned as undeliverable. (*See* Returned [25-1] Mail.) The Defendant filed the present Motion to Dismiss on July 28, 2009.

On August 11, 2009, in a final effort to ascertain Plaintiff's whereabouts, the Court utilized the Mississippi Department of Corrections website in order to determine whether Plaintiff had been transferred into the custody of the MDOC. The Inmate Search did not reveal a "Cornell Martin" currently incarcerated within the MDOC. The Court then contacted the Pearl River County Jail (Plaintiff's original address at the time of the filing of the Complaint) and was informed that Plaintiff had been released and that the only forwarding address it had for Plaintiff was "3168 Jackson Landing Road, Picayune, Mississippi 39466" (Plaintiff's last known address).

That same day, the Court issued a second Order [27] to Show Cause to the above address and requested that Plaintiff respond in writing to verify that he was the "Cornell Martin" with the above styled cause currently pending before this Court, and to show cause for failing to update the Court of the change in his address. Further, the Court cautioned Plaintiff that his failure to respond in a timely manner could result in the immediate dismissal of this action. Plaintiff's response was due on or before September 3, 2009. The Order to Show Cause was forwarded to Plaintiff by certified mail, return receipt requested. (*See* Order [27-1].) On September 1, 2009, the envelope containing this Court's Order [27-1] was returned as undeliverable. (*See* Returned [29-1] Mail.)

At the present, Plaintiff has made no contact with the Court since appearing at the Omnibus Hearing on January 26, 2009. Furthermore, pursuant to this Court's "TEXT ORDER ONLY" entered January 26, 2009, Plaintiff was to notify the Court regarding his efforts to obtain counsel within thirty days of the Omnibus Hearing, yet failed to do so. Also, all correspondences from the

Court to Plaintiff since the Omnibus Hearing have been returned as undeliverable.

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Plaintiff's failure to comply with this Court's orders has caused considerable delay. To date, the Plaintiff has failed to update his address or respond to the June 22, 2009 Order [24-1] to Show Cause or the August 11, 2009 Order [27-1] to Show Cause. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that the Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on June 22, 2009, and on August 11, 2009. Therefore, this Court recommends that this case be dismissed without prejudice for Plaintiff's failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

SO ORDERED this the   4th   day of September, 2009.


                              *s/ John M. Roper, Sr.*
                         CHIEF UNITED STATES MAGISTRATE JUDGE